## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO.  3:22-CV-391-RJC-DCK

| | |
|---|---|
| **LEAD TECHNOLOGIES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CONSENT PROTECTIVE** |
| ) | **ORDER** |
| **UNIRENT EDV-SYSTEMTECHNIK GMBH,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

      **THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Consent Protective Order" (Document No. 28) filed July 18, 2023.  Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion and enter the parties' proposed Protective Order as follows.

      WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation (the "Litigation"), it is hereby stipulated and agreed among the Parties that the following terms and conditions shall govern the use and handling of Confidential Information and documents produced in the Litigation.  Accordingly, **IT IS HEREBY ORDERED** that the terms and conditions of this Protective Order shall govern the handling of discovery materials in the Litigation:

1.     <u>PURPOSES AND LIMITATIONS.</u>

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure is be warranted.  This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under

the applicable legal principles. As set forth in Paragraph 12.4 below, this Protective Order entitles the Parties to file confidential information under seal pursuant to Local Civil Rule 6.1(b).

2.     DEFINITIONS

2.1     Challenging Party: a Party that challenges the designation of information or items under this Protective Order.

2.2     "Confidential" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

2.3     Counsel: attorneys who are current employees or active consulting or contract attorneys of a Party to this action and attorneys who are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.4     Designating Party: a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.7    "Attorneys' Eyes Only" Information or Items: extremely sensitive Confidential Information or Items, the disclosure of which to another Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Protected Data (defined below) is also "ATTORNEYS' EYES ONLY."  Certain Protected Data may compel alternative or additional protections beyond those afforded "ATTORNEYS' EYES ONLY" material, in which event the Parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

2.8    Producing Party:  a Party that produces Disclosure or Discovery Material in this action.

2.9    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.11    Protected Data:  shall refer to any information that a Party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection.  Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information);  Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) / Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural

Case 3:22-cv-00391-RJC-DCK   Document 29   Filed 07/18/23   Page 3 of 15

Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, and repealing Directive 95/46/EC (General Data Protection Regulation) (L119/1) (EU personal information); and the German Federal Data Protection Act (German personal information).

2.12    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Protective Order cover Protected Material and (1) any information copied or extracted from Protected Material;  (2) all copies, excerpts, summaries, or compilations of Protected Material;  and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material (not limited by the form of the material or video).  However, the protections conferred by this Protective Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

After final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice;  or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

     5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

     5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced as follows:

         (a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall label each page containing Protected Material as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY." A Party that makes original documents or materials

5

available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must label each page containing Protected Material with the applicable designation.

(b)    For testimony given in deposition or in other pretrial or trial proceedings, a Party may orally designate on the record testimony during a deposition or at a hearing or other proceeding before the Court as "Confidential" and, in the case of depositions, shall within twenty-one (21) days following receipt of a deposition transcript, provide written designation to all Parties by line and page number of all "Confidential" information. The entire deposition transcript shall be treated as "Confidential" until the expiration of said twenty-one (21) day period.

(i)    Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY."

6

(ii)     Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party must label each page containing Protected Material with the applicable designation.

5.3     Inadvertent Failures to Designate.  Pursuant to Federal Rule of Evidence 502(d), if timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Effect of Disclosure of Privileged Information:  Pursuant to Federal Rule Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Protected Material disclosed or produced by a Producing Party upon request.  If the Receiving Party reasonably believes that Protected Material has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester

7

such information until instructions as to disposition are received. The failure of any Party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging, describing the basis for each challenge, and identifying the specific paragraph of the Protective Order for which challenge to confidentiality is being made. If Counsel cannot reach an agreement regarding confidentiality designations, the objecting Party may seek the assistance of the Court and may move the Court for a determination of the propriety of the designation. The material shall remain protected under this Protective Order unless and until the Court rules on a dispute.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 13.

8

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following individuals. With the exception of the persons defined in Paragraphs 7.2(a) and (b), each such person shall execute a copy of the attached "Exhibit A":

(a)     the Court and its officers;

(b)     retained Counsel for a Party and their regularly-employed office staff.

(c)     the Parties (including employees of a corporate Party with a need to know such information in connection with the litigation);

(d)     persons shown on the face of the document to have authored or received it;

(e)     third-party experts or consultants, and the employees of such experts and consultants who are assisting them, engaged by Counsel or a Party to assist in this litigation;

(f)     any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case;

(g)     witnesses during the course of an examination on deposition or in a hearing (provided, however, that a witness or witness's counsel will not be permitted to retain a copy of any such Confidential Information unless the witness and counsel execute a copy of the attached "Exhibit A");  and

(h)     such other persons as hereafter may be designated by written agreement of all Parties in this action or by Order of the Court permitting such disclosure.

9

7.3　Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.　Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to the following individuals.　With the exception of the persons defined in Paragraphs 7.3(a) and (b), each such person shall execute a copy of the attached "Exhibit A":

(a)　the Court and its officers;

(b)　the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)　third-party experts or consultants, and the employees of such experts and consultants who are assisting them, engaged by Counsel or a Party to assist in this litigation;

(d)　any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case.

(e)　the author or recipient of a document containing the information.

8.　PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," that Party must:

(a)　promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)　promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order

10

is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

        (c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," or before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      <u>DOCUMENTS PRODUCED BY NON-PARTIES</u>**.**

In the case of documents produced by non-parties pursuant to subpoena, a Party wishing to designate such material as CONFIDENTIAL shall so notify counsel for all other Parties in writing.  If the Party wishing to designate such material as CONFIDENTIAL is the Party who served the subpoena, then counsel for that Party shall make such designation promptly upon receipt of the subpoenaed material and shall thereafter promptly provide counsel for all other Parties with copies of the subpoenaed material (including the material designated as CONFIDENTIAL). Counsel for any other Party wishing to designate such material as CONFIDENTIAL shall be allowed to examine the subpoenaed material promptly upon receipt by counsel for the subpoenaing Party and shall be allowed to designate any such material as CONFIDENTIAL prior to the release

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

of the subpoenaed material to any person or Party. Upon such designation, counsel for the subpoenaing Party shall thereafter promptly provide counsel for all other Parties with copies of the subpoenaed material (including that material designated as CONFIDENTIAL).

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute a copy of the attached "Exhibit A."

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties set forth in Paragraph 5.3 and Federal Rule of Civil Procedure 26(b)(5)(B) apply. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the Court.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2　Right to Assert Other Objections.　No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3　Export Control.　Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4　Filing Protected Material.　Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material may do so under this Order in compliance with Local Civil Rule 6.1(b).

13.　FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

13

of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4.

        **SO ORDERED**.

               Signed: July 18, 2023

David C. Keesler
United States Magistrate Judge

**WE CONSENT**:

| /s/ Rebecca K. Lindahl | /s/ Rachael M. Coe |
|---|---|
| Rebecca K. Lindahl | Christopher D. Tomlinson |
| (N.C. Bar No. 35378) | (N.C. Bar No. 38811) |
| Michaela C. Holcombe | Rachael M. Coe |
| (N.C. Bar No. 50780) | (N.C. Bar No. 53900) |
| Katten Muchin Rosenman, LLP | MOORE & VAN ALLEN, PLLC |
| 550 S. Tryon Street, Suite 2900 | 100 North Tryon Street, Suite 4700 |
| Charlotte, NC 28202-4213 | Charlotte, NC 28202-4003 |
| rebecca.lindahl@katten.com | (704) 331-1000 |
| michaela.holcombe@katten.com | (704) 331-1159 |
| Attorneys for Plaintiff | christomlinson@mvalaw.com |
| | rachaelcoe@mvalaw.com |
| | Attorneys for Defendant |

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of North Carolina on _____ in the case of <u>Lead Technologies, Inc., v. Unirent EDV-Systemtechnik GmbH</u>, Case No. 3:22-CV-391-RJC-DCK (W.D.N.C.). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.


Name (signature): _____

Name (print): _____

Address: _____

City, State, Zip Code: _____

Telephone: _____

Date signed: __